IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Kathryn H. Vratil

Criminal Case No. 08-cr-00263-KHV

UNITED STATES OF AMERICA

        Plaintiff,

v.

1.      WILLIAM I. WILSON,

        Defendant.

# ORDER

By Order dated January 11, 2010 (Docket Entry No. 134), this Court granted the defendant's counsel's motion to determine competency (Docket Entry No. 106), finding that a hearing concerning the defendant's mental competency, pursuant to 18 U.S.C § 4241, was warranted and that a mental examination of the defendant should be conducted prior to such a hearing.

This Court having now afforded counsel for the parties, including the defendant's court-appointed counsel for purposes of mental competency issues, the opportunity to take positions concerning the scope and parameters of this mental examination, having considered arguments of counsel at the December 30, 2009 hearing in this case and being otherwise duly advised,

**IT IS FURTHER ORDERED** as follows:

1.      Pursuant to 18 U.S.C. §§ 4241 and 4247(b), the defendant shall submit to an examination by Dr. Richard P. Martinez, a licensed psychiatrist, at his office (Denver Health Medical Center, Department of Behavioral Health, 1155 Cherokee Street, Unit 18, Denver,

Colorado), for the purpose of determining the following:

    a. whether the defendant is currently suffering from a mental disease or defect;

    b. if so, whether such mental disease or defect renders the defendant mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense;

    c. if so, whether such mental disease or defect otherwise renders the defendant mentally incompetent to the extent that he is unable to make a knowing, voluntary and intelligent decision to waive his right to counsel in this case and to proceed *pro se* instead, taking into consideration whether the defendant has the mental capacities to understand and appreciate the consequences of foregoing counsel and to make a rational decision regarding same; and

    d. if so, how, and to what extent, such a mental disease or defect would affect the defendant's ability to act as his own attorney in this case and to engage in the basic tasks necessary to conduct a coherent and rational defense of the case, including, by way of example and not limitation, organizing a defense, making motions, arguing points of law, participating in *voir dire*, questioning witnesses, addressing the court and jury at appropriate times in the trial process, and otherwise adhering to the Court's instructions and courtroom protocol.[1]

---

[1] See *Indiana v. Edwards*, __ U.S. __, 128 S.Ct. 2379, 2386-87 (2008); *McKaskle v. Wiggins*, 465 U.S. 168, 174-173, 183 (1984)(description of basic trial tasks needed to be performed by *pro se* defendant).

The examination shall be concluded within 30 days of this Order and shall take place at dates and times to be mutually agreed upon by the defendant's counsel and Dr. Martinez.

At Dr. Martinez's discretion, such examination may be conducted at other office quarters available to him in his practice.

2. The defendant's conditions of pretrial release in this case are hereby modified to require him to appear for such an examination at the agreed-upon dates and times and to cooperate with Dr. Martinez in the examination process generally and, in particular, by submitting to interviews conducted by Dr. Martinez and answering questions posed by Dr. Martinez in such interviews, and by providing Dr. Martinez, upon his request, with access to the defendant's medical and other records.

3. If requested by Dr. Martinez, the United States Probation Office is authorized and directed to provide Dr. Martinez with records within its custody and control concerning the pretrial supervision of the defendant in this case and in Case No. 08-cr-00450-MSK.

4. Pursuant to the provisions of 18 U.S.C. § 4247(c), within 14 days following the examination, Dr. Martinez shall prepare a report of his findings and conclusions from the examination. Such report shall address the matters specifically enumerated in 18 U.S.C. § 4247(c)(1) through (c)(4)(A). The report shall be made available to all counsel for the parties in the case and shall be filed with the Court.

DONE and ORDERED this 16th day of February, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge