# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 08-cr-263-KHV |
| WILLIAM WILSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's pro se Renewed Motion For A New Trial Pursuant To Rule 33(b)(1) (Doc. #326) filed March 21, 2011. For reasons stated below, the Court overrules defendant's motion.

## Legal Standards

Motions for new trial filed more than seven days after a verdict must be grounded on newly discovered evidence under Rule 33(b)(1), Fed. R. Crim. P. See United States v. Herrera, 481 F.3d 1266, 1270 (10th Cir. 2007). A motion for new trial based on newly discovered evidence is not favorably regarded and should be granted only with great caution. United States v. Trujillo, 136 F.3d 1388, 1394 (10th Cir. 1998). To succeed on a motion for new trial based on newly discovered evidence, the movant must show that (1) the evidence was discovered after trial; (2) the failure to discover the evidence was not caused by defendant's lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence would probably produce an acquittal in a new trial. United States v. Pearson, 203 F.3d 1243, 1274 (10th Cir. 2000), cert. denied, 530 U.S. 1268 (2000); see United States v. Sutton, 767 F.2d 726, 728 (10th Cir. 1985) (newly discovered evidence must be more than impeaching or cumulative).

**Analysis**

Defendant seeks a new trial based on newly discovered evidence, but he has not shown that his "newly discovered" evidence satisfies the above standards. Initially, defendant concedes that most of the "new" evidence was discovered during testimony and argument *at or before trial*. See, e.g., Doc. #326 at 1-3, 6-9, 11-14. Defendant argues that he was surprised by part of that testimony and did not have time to prepare any defenses or rebuttal. Id. at 2. As explained in prior rulings, however, defendant knowingly and voluntarily chose to proceed pro se at trial. The Court warned defendant of the risks inherent with pro se representation, but he insisted on presenting his own defense. In addition, defendant does not explain why with reasonable diligence he could not have discovered any such "new" evidence during the pre-trial hearing on his motions for selective enforcement, selective prosecution, vindictive prosecution, outrageous government conduct and sham/pretextual prosecution.[1]

All of defendant's present allegations relate to his previously-filed motions. After an extensive evidentiary hearing including allowing defendant to examine the AUSAs assigned to his cases, the Court overruled defendant's motions. See Memorandum And Order (Doc. #232 in 263 Case, Doc. #175 in 450 Case) filed October 14, 2010 at 44-45. Defendant asks for another evidentiary hearing,

---

[1] On September 15 and 16, 2010, the Court held a hearing on numerous defense motions which raised these allegations. At that hearing, defendant called ten witnesses, including Kenneth Harmon, the lead Assistant U.S. Attorney ("AUSA") in the 263 and 450 Cases; Michelle Kelly, a Special AUSA assigned to assist Harmon in both cases; and Thomas O'Rourke, an AUSA and Chief of the Economic Crimes Section in the U.S. Attorney's Office for the District of Colorado. Defendant also called two of his former attorneys in his cases: Edward Pluss, Assistant Public Defender for the District of Colorado; and Wadi Muhaisen, a criminal defense attorney. Defendant called several investigators, including Joseph Kurgan, a former FBI agent, and three detectives for the Police Department for the City of Aurora, Colorado (Steven Cox, Patrick Smith and Michael Leiker). Defendant also called Megan Magee, a risk loss specialist with Eagle Legacy Credit Union, a purported victim of his scheme to defraud. After hearing the testimony of defendant's witnesses and reviewing the record, the Court found that defendant's evidence was highly credible but largely unhelpful to his case.

but his present allegations simply track those in prior motions: Harmon and his "Hate Team" are racists and dishonest and are abusing their positions to obtain a conviction. As with prior motions, defendant presents no direct evidence to support his claims. Defendant also does not address how he can satisfy the pertinent legal standards for a new trial. Based on the trial of the 263 Case and the prior hearing on defendant's motions in both the 263 and 450 Cases, the Court finds that defendant's present allegations do not warrant another evidentiary hearing.

Defendant argues that on December 22, 2010, the government produced certain documents which show that defendant's alleged misrepresentations did not mislead Aqua Finance because it independently verified and corrected credit applications as needed. See Doc. #326 at 10-12. Defendant does not explain how Aqua Finance efforts to verify information on credit applications relates to his innocence of the crimes charged in the 263 Case. In any event, he knew of this information well before trial and made a similar argument in a motion to dismiss the 450 Case. See <u>Motion To Dismiss Defective Indictment</u> (Doc. #108 in 450 case) filed May 28, 2010 at 7-8 (Aqua Finance did not rely on defendant's representations because it independently verified all loan information).

Next, defendant argues that on December 22, 2010, the government produced discovery which shows that Mai Khuu, Cynthia Cisneros, Sheri Cisneros and David Cole committed the same or similar alleged offenses as those charged against defendant in the 450 Case. See Doc. #326 at 14. Again, defendant knew this information well before trial of the 263 Case and made a similar argument in a motion to dismiss both cases. See <u>Motion To Dismiss [For] Selective Prosecution/Selective Enforcement</u> (Doc. #156 in 263 Case and Doc. #109 in 450 Case) filed May 28, 2010 at 6-10. In addition, as explained in a prior order, defendant has not shown that these individuals, who were subordinates of defendant, are similarly situated to defendant – who directed their conduct in furtherance of his scheme to defraud finance companies. See <u>United States v. Armstrong</u>, 517 U.S.

456, 465 (1996) (defendant must show individuals similarly situated); United States v. Deberry, 430 F.3d 1294, 1301 (10th Cir. 2005) (similarly situated if circumstances present no distinguishable legitimate prosecutorial factors); United States v. Chiquito, 175 Fed. Appx. 215, 219 (10th Cir. 2006) (other individuals not similarly situated because only defendant discharged firearm); United States v. O'Bryan, 4 Fed. Appx. 724, 726 n.2 (10th Cir. 2001) (defendants not similarly situated where prosecutor or grand jury could have relied on differences in roles in offense; defendant who robbed bank not similarly situated to co-defendant who drove get-away car). In addition, defendant has not shown that any of these individuals had criminal histories involving fraud which were similar to defendant's past fraudulent conduct. Finally, defendant has not shown that the strength of the government's case against these other individuals (including the number of witnesses) is similar to the strength of the government's case against him.[2] See Deberry, 430 F.3d at 1301 (other individuals not similarly situated where government had better evidence against defendant).

Based on defendant's motion, defendant has not shown any "newly discovered evidence" which is material to the principal issues involved in the 263 Case or that would have probably produced an acquittal in a new trial of the 263 Case. The Court therefore overrules his motion for new trial.

**IT IS THEREFORE ORDERED** that defendant's pro se Renewed Motion For A New Trial Pursuant To Rule 33(b)(1) (Doc. #326) filed March 21, 2011 be and hereby is **OVERRULED**.

---

[2] For similar reasons, the Court found that defendant's evidence as to the government's decision not to prosecute these four individuals was insufficient to establish discriminatory purpose and that the government had presented legitimate prosecutorial factors that justified its decision not to prosecute defendant's subordinates. See Memorandum And Order (Doc. #232 in 263 Case, Doc. #175 in 450 Case) filed October 14, 2010 at 25 n.32 (citing Deberry, 430 F.3d at 1301).

Dated this 19th day of April, 2011, at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge