IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                               )<br>             Plaintiff,                              )<br>v.                                                         )<br>                                                               )<br>WILLIAM WILSON,                           )<br>                                                               )<br>             Defendant.                         )<br>_____) | CRIMINAL ACTION<br><br>No. 08-cr-263-KHV |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Request For Special Prosecutor (Doc. #331), defendant's Motion For Grand Jury Transcripts (Doc. #332) and defendant's Motion For Enlargement Of Time To File Objections To The Pre-Sentence Report And Request To Continue The Sentencing Date Until Defendant's Motion For New Trial Has Been Ruled On By This Court (Doc. #333), all filed April 14, 2011.

**I.     Request For Special Prosecutor (Doc. #331)**

Defendant asks the Court to remove the U.S. Attorney's Office in Denver and appoint a special prosecutor. Defendant argues that the Assistant United States Attorneys assigned to his cases have committed "prosecutorial misconduct and have an inherent conflict of interest by manufacturing evidence." Doc. #331 at 1. Defendant does not specifically explain either contention and he does not offer any evidentiary support.[1] The Court therefore declines to appoint a special prosecutor or remove

---

[1]     The Court has addressed similar allegations by defendant and has found that defendant's allegations lack evidentiary support and are without merit. See, e.g., Memorandum And Order (Doc. #232). In addition, the Court lacks authority to assign a special prosecutor. The Attorney General may specially appoint an attorney to conduct any kind of legal proceeding which United States Attorneys are authorized by law to conduct even if the attorney is not a resident of the district in which the proceeding is brought. See 28 U.S.C. § 515(a). The appointment of a special prosecutor is solely within the discretion of the Attorney General. See United States v. Wrigley, 520 F.2d 362, 369 (8th
(continued...)

the Assistant United States Attorneys assigned to his cases.

## II. Motion For Grand Jury Transcripts (Doc. #332)

Defendant seeks copies of grand jury and trial transcripts so that he can prepare and present evidence at an evidentiary hearing on his motion for new trial. In a separate order, the Court has overruled defendant's motion for new trial. The Court therefore overrules defendant's motion for transcripts as moot.

## III. Defendant's Motion To Continue (Doc. #333)

Defendant asks for additional time to file objections to the presentence investigation report ("PSIR") until 14 days after the Court rules on his motion for new trial and to continue sentencing until 14 days after the deadline for filing objections to the PSIR. Earlier today, the Court overruled defendant's motion for new trial. The Probation Office filed the PSIR some two months ago and defendant has had ample opportunity to inform the Probation Office of any objections. Even so, the Court will grant defendant a brief extension of time. **On or before Monday, April 25, 2011 at noon, Mountain Daylight Time, defendant may submit any pertinent objections to the PSIR in writing to the Probation Office. If defendant submits any such objections, he shall also serve a copy of such objections on government counsel by Monday, April 25, 2011 at noon, Mountain Daylight Time. On or before Friday, April 29, 2011 at noon, Mountain Daylight Time, the government shall submit a response to any such objections in writing to the Probation Office and also serve a copy of such response on defendant by Friday, April 29, 2011 at noon, Mountain Daylight Time.**

---

[1](...continued)
Cir. 1975); United States v. Sessa, No. 92-cr-351, 2011 WL 256330, at *60 (E.D.N.Y. Jan. 25, 2011); see also Elliott v. Holder, No. 09-1544, 2009 WL 2525160, at *1 (D.D.C. Aug.17, 2009) (denying petition for writ of mandamus compelling Attorney General to appoint special prosecutor because it is discretionary act).

Defendant has 16 days to prepare for his sentencing which remains scheduled on May 5, 2011 at 3:00 p.m. Defendant has not shown that additional time to prepare for sentencing is necessary. The Court therefore overrules defendant's request for a continuance of sentencing.

**IT IS THEREFORE ORDERED** that defendant's <u>Request For Special Prosecutor</u> (Doc. #331) filed April 14, 2011 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's <u>Motion For Grand Jury Transcripts</u> (Doc. #332) filed April 14, 2011 be and hereby is **OVERRULED as moot**.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion For Enlargement Of Time To File Objections To The Pre-Sentence Report And Request To Continue The Sentencing Date Until Defendant's Motion For New Trial Has Been Ruled On By This Court</u> (Doc. #333) filed April 14, 2011 be and hereby is **SUSTAINED in part**. **On or before Monday, April 25, 2011 at noon, Mountain Daylight Time, defendant may submit any pertinent objections to the PSIR in writing to the Probation Office. If defendant submits any such objections, he shall also serve a copy of such objections on government counsel by Monday, April 25, 2011 at noon, Mountain Daylight Time. On or before Friday, April 29, 2011 at noon, Mountain Daylight Time, the government shall submit a response to any such objections in writing to the Probation Office and also serve a copy of such response on defendant by Friday, April 29, 2011 at noon, Mountain Daylight Time. The Court overrules defendant's request to continue sentencing. Sentencing in this case remains scheduled for May 5, 2011 at 3:00 p.m.**

Dated this 19th day of April, 2011, at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge