# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 08-cr-263-KHV |
| WILLIAM WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's pro se Motion For Reconsideration Of [Ruling On] Defendant's Motion For New Trial With Supporting Affidavit Prosecutorial Misconduct / Manifest Injustice (Doc. #339) filed April 22, 2011. For reasons stated below, the Court overrules defendant's motion.

## Legal Standards

A motion to reconsider is not expressly recognized under the Federal Rules of Criminal Procedure. Even so, in the criminal context, courts ordinarily apply the same standards as those used in civil cases. See United States v. Matlack, No. 09-cr-531-WYD, 2010 WL 2682110, at *1 (D. Colo. July 1, 2010); United States v. West, No. 01-40122-01-SAC, 2002 WL 1334870, at *1 (D. Kan. May 9, 2002); United States v. D'Armond, 80 F. Supp.2d 1157, 1170 (D. Kan. 1999). A court has discretion whether to grant a motion to reconsider. Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 944 (10th Cir. 1995). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996); D. Kan. Rule 7.3(b). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up

arguments that previously failed.  See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994).  Such motions are not appropriate if movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.  See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

## **Analysis**

On April 19, 2011, the Court overruled defendant's motion for a new trial.  See Memorandum And Order (Doc. #335).  In his motion for new trial, defendant asked for a new trial based on newly discovered evidence, but he did not show that (1) the evidence was discovered after trial; (2) the failure to discover the evidence was not caused by defendant's lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence would probably produce an acquittal in a new trial.  United States v. Pearson, 203 F.3d 1243, 1274 (10th Cir. 2000), cert. denied, 530 U.S. 1268 (2000); see United States v. Sutton, 767 F.2d 726, 728 (10th Cir. 1985) (newly discovered evidence must be more than impeaching or cumulative).

In his motion to reconsider, defendant attempts to provide further support for his contentions that (1) he did not fraudulently obtain a Master Card from Washington Mutual and (2) the government did not disclose that an alleged victim of his fraudulent scheme was in fact an illegal alien.  Initially, the Court overrules defendant's motion because he has not shown an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice.  In addition, defendant has not satisfied the standards for a new trial based on newly discovered evidence. In particular, defendant concedes that most of the "new" evidence was discovered during testimony and argument at or before trial.

In ruling on defendant's motion for new trial, the Court noted as follows:

> All of defendant's present allegations relate to his previously-filed motions. After an extensive evidentiary hearing including allowing defendant to examine the AUSAs assigned to his cases, the Court overruled defendant's motions. See Memorandum And Order (Doc. #232 in 263 Case, Doc. #175 in 450 Case) filed October 14, 2010 at 44-45. Defendant asks for another evidentiary hearing, but his present allegations simply track those in prior motions: Harmon and his "Hate Team" are racists and dishonest and are abusing their positions to obtain a conviction. As with prior motions, defendant presents no direct evidence to support his claims. Defendant also does not address how he can satisfy the pertinent legal standards for a new trial. Based on the trial of the 263 Case and the prior hearing on defendant's motions in both the 263 and 450 Cases, the Court finds that defendant's present allegations do not warrant another evidentiary hearing.

Memorandum And Order (Doc. #335) at 2-3. Defendant now suggests that he was not afforded adequate time to prepare for the hearing on his motions to dismiss, but he ignores the fact that he had nearly six months to determine how to present his argument and evidence in support of his motions.[1] On September 10, 2010, five days before the scheduled hearing on defendant's motions, defendant filed a motion to continue the hearing in light of new discovery which he received on September 8, 2010 and discovery which he was expected to receive on September 13, 2010. On September 13, 2010, the Court overruled defendant's motion to continue because he failed to show how such materials were relevant to the hearing on his motions to dismiss. See Text Entry Order (Doc. #209). The Court noted that depending on the volume of materials which defendant received on September 13, 2010, he could seek leave to file a supplemental brief in support of his motions, and at that point, the Court could determine whether a further hearing on the motions was necessary.

---

[1] Defendant filed his motions to dismiss on March 29, 2010. See defendant's Motion To Dismiss [For] Outrageous Governmental Conduct (Doc. #153); defendant's Motion To Dismiss Superseding Indictment For Government's Retaliation For Exercising First Amendment Right And For Vindictive Prosecution (Doc. #154); defendant's Motion To Dismiss [For] Sham Prosecution (Doc. #155); defendant's Motion To Dismiss [For] Selective Prosecution / Selective Enforcement (Doc. #156). The Court originally set a hearing on the motions for September 13, 2010, see Minute Entry (Doc. #188) filed August 13, 2010, but later rescheduled the hearing for September 15, 2010, see Minute Entry (Doc. #189) filed August 18, 2010.

Defendant claims that he did not have the opportunity to arrange for the appearance of numerous witnesses who were critical to his motions to dismiss. See Doc. #339 at 2. In his motion to continue filed five days before the scheduled hearing, however, defendant did not assert any difficulty in arranging witnesses for the hearing on September 15, 2010. See Doc. #205.[2] At the hearing, defendant acknowledged that he failed to subpoena certain additional witnesses, but he did not seek a further continuance of the hearing based on that fact or explain how the testimony of any additional witnesses would be materially different from the testimony of the ten witnesses who testified at the hearing.[3] In any event, defendant has not shown that he obtained "new" evidence on these issues which would justify a motion for new trial or how any additional witnesses at the hearing in September of 2010 would have altered the Court's ruling on his motions to dismiss.

**IT IS THEREFORE ORDERED** that defendant's pro se Motion For Reconsideration Of [Ruling On] Defendant's Motion For New Trial With Supporting Affidavit Prosecutorial Misconduct / Manifest Injustice (Doc. #339) filed April 22, 2011 be and hereby is **OVERRULED**.

Dated this 5th day of May, 2011, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2] Defendant sought a continuance based on discovery materials which he received on September 8, 2010 and he expected to receive on September 13, 2010.

[3] Defendant argues that neither party was fully advised about whether the hearing was an evidentiary one. Defendant ignores the fact that on August 19, 2010, he filed a witness list which identified 23 witnesses to testify at the hearing scheduled for September 15, 2010. See Doc. #191. Defendant clearly understood that the hearing was an evidentiary one and that to the extent he had any relevant evidence, he needed to present it at the hearing.